**Brady v. Brady**

*Toni M. Cherry*, for petitioner.
*Denise Niedzielski*, for respondent.

REILLY, *J.*, October 19, 1982—Petitioner and respondent, both above-named, were husband and wife, but were divorced by order of this court dated March 26, 1982. Prior to that time, petitioner and respondent had not resided together since November, 1980.

The two children of this marriage, Michael James Brady, Jr., and Sarah Susanna Brady, had apparently been residing with their mother, respondent herein, in Erie County, Pa., from March, 1981, until August 15, 1982. It also appears that while this court did grant the divorce decree of the parties herein, and did order support and visitation rights, neither this court nor any other court has ever expressly awarded custody of said children to either party. The matter is now before this court on petitioner's action for custody and respondent's preliminary objections thereto.

According to petitioner, he received information on August 15, 1982, that his minor son, Michael James Brady, Jr., had been physically abused by the respondent and had been taken to a hospital in Crawford County for examination. Petitioner immediately went to Crawford County, obtained his son, and returned to Clearfield County where a subsequent examination was also allegedly performed by one Dr. Fatula, a pediatrician in DuBois, Clearfield County.

On August 17, 1982, petitioner filed with this court a request for a formal award of custody over both children and did receive a Temporary Custody Order issued by the Honorable Charles C. Brown, Jr., sitting specially. With that order, petitioner went to Erie County and obtained his daughter, Sarah Susanna Brady. Both children now reside with petitioner in the Borough of Reynoldsville, Jefferson County, Pa.

Respondent's preliminary objections first challenge this court's jurisdiction to hear this action. After careful review of the applicable statutes, this court agrees with respondent that the court lacks jurisdictional authority and, therefore, petitioner's petition for custody must be dismissed.

Pennsylvania has adopted the Uniform Child Custody Jurisdiction Act (42 Pa.C.S.A. §5341, et seq.). The tests to be applied to determine jurisdiction are set forth at Section 5344 thereof, the first of which is as follows:

"(a) *General rule* - A court of this Commonwealth which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) this Commonwealth:
(i) is the home state of the child at the time of commencement of the proceeding; or

(ii) had been the home state of the child within six months before commencement of the proceeding and the child is absent from this Commonwealth because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this Commonwealth." 42 Pa.C.S.A. §5344(a)(1).

It must be noted first that although the above-cited provision refers to "home state" of the child, section 5364 of the Uniform Child Custody Jurisdiction Act makes it clear that the provisions allocating jurisdiction among the several states apply equally to jurisdiction among the several courts of common pleas of this Commonwealth: 42 Pa.C.S.A. §5364 "Home state," therefore, is to be read as "home county."

It seems clear that the home county of the children involved here is Erie County, where they had lived with their mother, respondent, during at least those six months immediately preceding the filing of the petition. Indeed, respondent alleges that they had lived with her during those 18 months immediately preceding the petition, and petitioner does not dispute this fact. The first jurisdictional test when applied, then, would place jurisdiction in Erie County.

Respondent urges that when this first test can be satisfied, no other jurisdictional test is to be examined by a court. This court agrees with petitioner that the satisfaction of the "home state" test for jurisdiction does not work to preclude the application of any other test.* However, even when those other

_____

*See: Commissioners' Notes to Uniform Child Custody Jurisdiction Act (U.L.A.) §3, p. 123, which provides in part:

Paragraphs (1) *and* (2) of subsection (a) (referring to the home state test as well as the significant connection test) establish the two major bases for jurisdiction. In the first place, a court in the child's home state has jurisdiction, and secondly,

tests are applied, they do not place jurisdictional authority in this court.

The first alternative test for jurisdiction provides that a court has jurisdiction if:

"(2) it is in the best interests of the child that a court of this Commonwealth assume jurisdiction because:

(i) the child and his parents, or the child and at least one contestant, have a significant connection with this Commonwealth and

(ii) there is available in this Commonwealth substantial evidence concerning the present and future care, protection, training, and personal relationships of the child." 42 Pa. C.S.A. § 5344(a)(2).

By petitioner's own assertion, both he and the children now reside in the Borough of Reynoldsville, Jefferson County, and did so at the time petition for custody was filed. (See: Petition for Custody, paragraph (1).). It is axiomatic, therefore, that there exists no substantial evidence in this county as to the *present* or *future* care, protection, training or personal relationships of the children since they will be residing either in Erie County or in Jefferson County, and not in Clearfield County. Even if there were some modicum of evidence available in this county, it is not such that would outweigh that evidence available in the counties of actual residence.

Moreover, no significant connections between this county and either child any longer exist for much the same reasons—i.e., they are now residents of

---

if there is no home state *or* the child and his family have equal or stronger ties with another state, a court in that state has jurisdiction . . . Paragraph (2) comes into play *either* when the home state test cannot be met *or* as an alternative to that test." (Emphasis added.)

Jefferson County and had been residents of Erie County for the 18 months immediately prior thereto. Petitioner urges that significant connections nevertheless remain with this county in that Clearfield County was the location of the last marital home of the parties, and that this court granted their divorce, awarded support, and further set some visitation rights. This argument must fail, however, since connections of that type do not necessarily confer jurisdiction on the forum in question when stronger connections with another forum exist. See, e.g.: Diffenbach v. Diffenbach, 14 D. & C. 3d 254 (1980). The most appropriate forum with regards to this matter, then, is either Erie County or Jefferson County, and this court must decline jurisdiction even if there does in fact exist some small connection to Clearfield County. (See 42 Pa.C.S.A. §5348).

Moreover, the third relevant test for deciding jurisdiction also fails to place jurisdiction with this court. That provision provides that a court has jurisdiction over a custody matter if:

"(3) the child is physically present in this Commonwealth (County), and:

(i) the child has been abandoned; or

(ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent." 42 Pa.C.S.A. §5344(a)(3).

Even if there has been abuse of the children by respondent in this case, the children are not now physically present in this county, but rather reside in Jefferson County. Therefore, if this provision applies at all, Jefferson County is the most appropriate forum thereunder, and this court cannot assume jurisdiction.

Wherefore, the court enters the following

## ORDER

Now, October 19, 1982, it is the order of this court that respondent's preliminary objections be and are hereby sustained and petitioner's petition for custody be and is hereby dismissed in that this court does not have jurisdiction over the action.